IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST       )
FROM SPAIN                    )
IN THE MATTER OF              )    Misc. No. 06-
BAUZA                         )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Spain. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Spanish authorities who are investigating a case of alleged money laundering and tax fraud.

EVIDENCE SOUGHT:

The Spanish authorities seek information from a corporation that resides in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Spain and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

>                       Respectfully submitted,
>
>                       COLM F. CONNOLLY
>                       United States Attorney
>
> BY:   /s/ Richard G. Andrews
>                       Richard G. Andrews
>                       Assistant U.S. Attorney
>                       Delaware Bar I.D. No.2199
>                       1007 N. Orange Street
>                       Wilmington, DE   19801
>                       (302) 573-6277

Dated: 7/27/06

## LETTER ROGATORY ADDRESSED TO THE UNITED STATES OF AMERICA, IN RELATION TO THE STATE OF DELAWARE.

### REQUESTING AUTHORITY

- Magistrate: D. Juan Manuel Sobrino Fernández
- Court and address: Investigating Court Nr. 1 in Palma de Mallorca (Balearic Islands-Spain).
- Telephone number: ███████
- Fax number: ███████
- E-mail address: ███████

### REQUESTED AUTHORITY

- Tribunal and its address: Appropriate Judicial Authorities in the United States of America and the State of Delaware.

### PERSON TO WHOM THIS LETTER ROGATORY RELATES

Name: SALVADOR LLINÁS BAUZÁ, born in Montuïri (Balearic Islands, Spain), on ███████ son of ███████ with national identity card number ███████ and the companies *WORLDWIDE FINANCIAL TRADE Ltd.* and *PREMIER TRADE INTERNATIONAL Inc.*
Address: Salvador Llinás Bauzá lives at ███████ Palma de Mallorca (Balearic Islands. Spain) while both investigated companies have their business address in Dover (Delaware-USA) at 15 East North street, Dover, Delaware and were founded on April 1, 1.996 by the company *Incorporating Services Inc.*, which has the same business address as the above mentioned.

Nationality of Salvador Llinás Bauzá: Spanish
In these proceedings the above mentioned person appears as: defendant.

## CONVENTION ON WHICH THIS LETTER ROGATORY IS BASED

IN ACCORDANCE WITH ARTICLE 1, SECTIONS 1 AND 2, AND ARTICLE 14 OF THE TREATY ON MUTUAL LEGAL ASSISTANCE IN CRIMINAL MATTERS BETWEEN THE UNITED STATES OF AMERICA AND THE KINGDOM OF SPAIN, SIGNED AT WASHINGTON ON NOVEMBER 20, 1.990 AND RATIFIED BY THE KINGDOM OF SPAIN ON APRIL 23, 1.993 I PRESENT MY COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY IN DELAWARE (USA) AND REQUEST INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED IN A CRIMINAL PROCEEDING BEFORE THIS COURT IN THE ABOVE CAPTIONED MATTER. FURTHERMORE I REQUEST FOR THE URGENT EXECUTION AND RETURN OF THIS LETTER ROGATORY.

## FACTS

At the investigating Court Nr. 1 in Palma de Mallorca judicial proceedings are being conducted against Salvador Llinás Bauzá and others. These proceedings were initiated to investigate, among others, a "carrousel"-VAT-fraud (VAT: Value Added Tax) committed by the investigated persons by founding numerous fictitious car-dealing-companies which operate in many EU-countries (at least in Italy and Portugal). This court has been informed that in the United States of America -in Dover (Delaware) to be more precise- two companies have been founded by this fraud ring, the *Premier Trade International Inc.* and the *Worldwide Financial Trade Ltd.* which might be being used for laundering money coming from illegal activities in Europe as well as for committing tax-fraud in Spain and other European countries.

On Februrary 27, 2006 the Investigating Court Nr. 1 in Palma de Mallorca ordered the lien attachment of all the real state properties, movable and financial assets (bank accounts, deposit boxes and financial products) owned by/registered on the name of *Premier Trade International Inc.* and *Worldwide Financial Trade Ltd.* in the United States of America.

On the other hand, as a result from the investigation carried out by this court there is evidence that Salvador Llinás Bauzá has founded several companies abroad for money laundering and as an instrument to commit tax-fraud and that these companies have been founded using counterfeited documents to enable the tax-fraud.

## INDICTMENT

The offences investigated on the above captioned proceedings (case Nr. 2.190/05) which have been charged to Salvador Llinás Bauzá, are the following:

* Offence against the Public Treasury, as provided in article 305.1º y 2º, paragraph a) y b) of the 1995 Spanish Criminal Act.

* Continuous offence of forging of commercial documents as provided in articles 392, 390.1.1º y 2º y 74 of the 1995 Spanish Criminal Act.

* An offence of money-laundering, as provided in article 301 of the same Criminal Act.

* An offence of continuous fraud, as provided in articles 248, 249, 250-6º y 74 of the said Act.

* An offence of illegal association with the purpose of committing crime, as provided in articles 515.1º y 517.1º of the mentioned Spanish Criminal Act.

## REQUIRED ASSISTANCE

To obtain evidence as to:

- whether *Premier Trade International Inc. and Worldwide Financial Trade Limited* have their business address/address for tax purposes in the United States of America, to be precise in Dover, and, if that is the case, what these addresses are.

- who the partners or shareholders (private or corporate) of the said companies are.

- who the manager/s of these companies is/are, either *de facto* or *de jure*, or whether they are registered on the name of a straw-man or intermediary.

- whether the business premises are open to the public and whether any commercial activity is actually taking place in them and whether the infrastructure necessary to enable this activity exists and how many employees these companies have.

To investigate the connection of the said companies with the company *Incorporating Services Inc.* in Dover (Delaware)

To proceed to the lien attachment of all real state property and the seizure of all funds in bank accounts, deposit boxes and financial products owned by and registered on the name of *Premier Trade International Inc.* and *World Financial Trade Limited* in United States of America. For this purpose we attach a copy of the provision issued by this court on February 27, 2006 whereby these precautionary measures relating to *Premier Trade International Inc.* and *Worldwide Financial Trade Ltd.* are ordered.

To send to this court a bank statement with the transactions made during the last five years on the bank accounts held by the above mentioned companies in the United States of America, and, to be more precise in Delaware.

Furthermore we inform the Judicial Authorities of the United States of America that all powers of attorney that may have been granted to Salvador Llinás Bauzá by *Premier Trade International Inc.* and *Worldwide Financial Trade Limited* have been revoked by this court, and that he has been ordered to restrain from acting on the name of these companies.

## PURPOSE OF THE REQUEST

The purpose for requesting the above indicated actions is their being essential to the criminal proceedings conducted by this court, in order to learn about the activities of Salvador Llinás

Bauzá in the United States of America, his connection with the two investigated companies *Premier Trade International Inc. y Worldwide Financial Trade Ltd.* in the United States of America, and the transactions done through the bank accounts, as well as to ensure the attachment of those assets held by them and the effectiveness of the penalties that might eventually be imposed on the investigated individuals for the offences subject of this investigation.

Dated March 7, 2006, in Palma de Mallorca.

Signed: Juan Manuel Sobrino Fernández.
Magistrate-Judge of the Investigating Court Nr. 1 in Palma de Mallorca

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST<br>FROM SPAIN<br>IN THE MATTER OF<br>BAUZA | )<br>)<br>)  Misc No. 06-<br>) |

ORDER

      Upon application of the United States of America; and upon examination of a letter of request from Spain whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Spain and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Spanish authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Spain, which procedures may be specified in the request or provided by the Spanish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Spanish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2006.

_____
United States District Court Judge